IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Fred Downer, | ) Civil Action No.:2:14-cv-3992-JMC-MGB |
|           Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| C. Reynolds, | ) |
|           Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 15.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on October 10, 2014. (See Dkt. No. 1 at 16 of 16.) On January 14, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 15.) By order filed January 15, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 17.) On or about April 6, 2015, Petitioner filed a Response in Opposition to the Motion for Summary Judgment. (Dkt. No. 24.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In July of 2010, the Greenville County Grand Jury indicted Petitioner for conspiracy, possession of a weapon during the commission of a violent crime, assault and battery with intent to kill ("ABIK"), assault and battery of a high and aggravated nature ("ABHAN"), and three counts of kidnapping. (R. at 85-98.) Petitioner was represented by Richard H. Warder, Esquire. (See R. at 1.) On June 15, 2011, Petitioner pled guilty as charged before the

1

Honorable G. Edward Welmaker. (See R. at 1-23.) That same day, Judge Welmaker sentenced Petitioner to concurrent sentences of 172 months on the convictions for ABIK as well for each of the three kidnapping convictions, ten years on the conviction for ABHAN, five years on the conviction for conspiracy, and five years on the conviction for possession of a weapon during the commission of a violent crime. (See R. at 22-23.)

Petitioner did not file a direct appeal. However, on April 5, 2012, he filed an application for post-conviction relief ("PCR"). (R. at 25-31.) The following questions and answers appear on Petitioner's application:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
>> (a) 4th Amendment violation
>>
>> (b) 6th Amendment violation ineffective assistance of preliminary hearing counsel and plea counsel
>>
>> (c) involuntary guilty plea
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
>> (a) Failure to challenge deficient affidavit in support of arrest warrant
>>
>> (b) Preliminary hearing counsel failed to challenge/object to applicant's conclusory affidavits in support of arrest warrants; plea counsel failed to advise applicant he could proceed to trial and challenge conclusory affidavits in support of arrest warrants
>>
>> (c) Failure to advise applicant of several rights he had prior to involuntary plea

(R. at 27.) On or about October 23, 2012, Petitioner amended his application to include a claim that his plea was not knowingly and voluntarily made because he pled guilty "only after he was promised by Counsel that the [sentence] would not exceed a maximum of ten years." (R. at 38-39.) Thereafter, Petitioner, through counsel Rodney Richey, filed "Amendments to Post Conviction Relief

2

Application" on January 28, 2013, expounding upon Petitioner's claims of ineffective assistance of counsel. (See R. at 40-43.)

On June 18, 2013, an evidentiary hearing was held before the Honorable D. Garrison Hill. (R. at 45-71.) Petitioner was present and represented by Rodney W. Richey, Esquire. (See R. at 45.) In a written order dated August 12, 2013, Judge Hill denied the application for post-conviction relief and dismissed the petition. (R. at 76-83.)

Petitioner, through his attorney Wanda H. Carter of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari on April 11, 2014. (See Dkt. No. 15-1.)[1] Through counsel, Petitioner raised the following issue:

> Retained counsel erred in failing to advise petitioner that the ten-year plea offer presented in exchange for his guilty pleas on the state's charges expired when he rejected the offer and the public defender who negotiated the plea bargain was removed from the case because this meant that he plead unknowingly and unintelligently at the plea proceeding as he was unaware of sentencing consequences.

(Dkt. No. 15-1 at 3 of 10.) Ms. Carter also filed a petition to be relieved as counsel. (Dkt. No. 15-1 at 9 of 10.) Petitioner filed a *pro se* response to the Johnson petition wherein he raised the following issue (verbatim):

> Did the (P.C.R.) court err in ruling that counsel was not ineffective for coercion petitioner to plead guilty, and for failing to withdraw the guilty plea because of the unkept plea agreement, and was counsel ineffective for failing to make sure petitioner understood the full consequences of the plea when counsel [k]new there was no ten year plea agreement on the table which violated petitioner due process, and is there enough evidence within the (P.C.R.) transcript to support petitioner allegation that this guilty plea was unconstitutional, unknowingly, unintelligently, and involuntarily made.

(Dkt. No. 15-2 at 2 of 11.)

In an order dated September 24, 2014, the South Carolina Supreme Court denied the petition for a writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 15-3.) The matter was remitted to the lower court on October 10, 2014. (Dkt. No. 15-4.)

---

[1] See Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

3

Petitioner then filed the instant habeas petition, wherein he asserted that he was "denied effective assistance of counsel at trial." (See Dkt. No. 1 at 6 of 16.) Specifically, Petitioner articulated the following ground for relief in his Memorandum in Support of Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (verbatim):

> Did the lower court err in ruling that counsel was effective for not informing Petitioner that the plea negotiated and accepted by first counsel, no longer stood when new counsel was appointed, if so, was that a breach in the original plea agreement making said plea unknowing and unintelligent[?]

(Dkt. No. 1-1 at 13 of 23.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th

Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (See Dkt. No. 16; see also Dkt. No. 15.) For the reasons set forth herein, the undersigned recommends granting Respondent's motion.

Petitioner's one ground for relief is a claim of ineffective assistance of counsel. Specifically, Petitioner claims counsel was ineffective, and his guilty plea was involuntary, because counsel promised him that he would receive a ten-year sentence in exchange for his guilty pleas. (See Dkt. No. 1-1 at 13 of 23.) Petitioner asserts "that had he known that he would not have received a ten-year sentence, then he would not have pled guilty as charged." (Id.)

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668,

5

687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not 'second-guess' the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Before addressing the merits of Petitioner's ineffective assistance of counsel claim, the PCR judge summarized the testimony at the PCR hearing:

> The Applicant stated on the day of the guilty plea hearing, plea counsel twice promised that he would receive a ten year sentence if he pled guilty. The Applicant stated he never saw a written ten-year recommendation from the State. The Applicant admitted that the State told the plea judge there was no sentence recommendation but

>stated he did not object to this because plea counsel told him not to say anything. The Applicant stated his guilty plea was involuntary because of "trickery" and ineffective assistance of plea counsel.
>
>Fred Downer, Sr. (the Applicant's father) and Ashley Glenn (the mother of the Applicant's child) stated that they met with the Applicant and plea counsel in counsel's office on the day of the plea hearing. Downer and Glenn stated plea counsel told them the Applicant would receive a ten year sentence if he pled guilty. Downer and Glenn stated plea counsel restated this when they met at the courthouse later that day.
>
>Plea counsel testified he was retained to represent the Applicant on March 9, 2011, but that there had been a previous attorney on the case. Plea counsel testified the previous attorney obtained a ten-year recommendation from the State but that the Applicant refused it and hired him. Plea counsel testified he received a letter from the assistant solicitor dated April 11, 2011 stating that the discovery materials would be re-sent to him and that the plea offer had expired because the previous attorney had informed him that the Applicant rejected it. Plea counsel testified the State did not make any plea offers during his representation, as the case was on the trial docket when he was retained. Plea counsel testified he was certain he did not tell the Applicant he would receive a ten-year sentence and that he had explained to the Applicant that there was no recommendation.

(R. at 80.)

In rejecting Petitioner's claim, the PCR court specifically found Petitioner's testimony "not credible," while finding plea counsel's testimony was credible. (R. at 81.) The PCR judge also found "plea counsel adequately conferred with the [Petitioner], conducted a proper investigation, and was thoroughly competent in his representation." (R. at 81.) The PCR court stated, *inter alia*,

>The Applicant admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true. (Plea transcript, p. 11; p. 14). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp. 12-14). This Court finds the Applicant entered a knowing and voluntary guilty plea. See Boykin v. Alabama, 395 U.S. at 243-44, 89 S. Ct. at 1712.
>
>This Court finds the Applicant failed to meet his burden of proving plea counsel promised he would receive a ten-year sentence if he pled guilty. Plea counsel testified he never made any such promise to the Applicant. Plea counsel testified the Applicant had rejected a ten-year offer when he was represented by previous counsel and that the case was on the trial docket by the time he was retained. Plea counsel testified he explained to the Applicant that he was pleading guilty without a sentence recommendation. This Court finds plea counsel's testimony is credible. This Court finds the guilty plea transcript refutes the Applicant's allegation because it was noted

7

> at the plea hearing there was no sentence recommendation and the Applicant did not object. (Plea transcript, p. 14). See Stalk v. State, 375 S.C. 289, 300, 652 S.E.2d 402, 407 (Ct. App. 2007) (citing also Rayford v. State, 314 S.C. 46, 48-49, 443 S.E.2d 805, 806 (1994)). The Applicant also told the plea judge he had not been promised anything in exchange for his guilty plea. (Plea transcript, p. 14). See id. This Court further notes the Applicant signed the sentencing sheets in this case, all of which are clearly marked that the plea is being entered "Without Negotiations or Recommendation." Even assuming arguendo that plea counsel improperly advised the Applicant, any alleged error was cured by the plea colloquy. See Holden v. State, 393 S.C. 565, 575, 713 S.E.2d 611, 616 (2011). Further, as the Applicant pled guilty without a recommendation, was advised of the sentence range for the offenses, and was sentenced within those ranges, he cannot prove any prejudice.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test–that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representations of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland–that he was prejudiced by plea counsel's performance.
>
> This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. This Court also concludes the Applicant has failed to meet his burden of proving his guilty plea was not knowing and voluntary. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

(R. at 81-82.)

The undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 16.) Petitioner testified at the PCR hearing that Mr. Warder promised him ten years in exchange for his guilty pleas. (R. at 49-50.) He stated,

> I only entered a plea after me and my family was promised by counsel that the plea would not exceed a maximum of 10 years. Due to counsel promising me and my family that I would receive nothing but 10 years, I took his advice to go ahead and plead to this inducement that led to my unknowing, unintelligent, and involuntary guilty plea.
>
> At my plea arraignment, counsel informed me to say if the judge asked me was I promised anything to say, no. So I went along with that thinking if I–it would jeopardize my plea of the 10 years.

(R. at 52.) On the other hand, when asked whether counsel told Petitioner he would receive a ten year sentence in exchange for his guilty plea, counsel said "that didn't happen." (R. at 56-57.) Counsel

8

testified that he was hired after Petitioner rejected a ten-year offer obtained by Petitioner's previous attorney; counsel testified that Petitioner "hired [him] because he rejected the 10-year offer." (R. at 57.) Counsel testified he was "certain [he] didn't tell [Petitioner] that he could get 10 years" and that he was "certain that [he] never had an offer." (R. at 57.) Counsel testified that he told Petitioner that the plea was "without any kind of recommendation from the State" and that, in counsel's opinion, Petitioner understood "there was no sentence recommendation that day." (R. at 59-60.)

In addition to the testimony before the PCR court, the PCR court also had before it the transcript of Petitioner's guilty plea. The following colloquy occurred during Petitioner's plea hearing:

> THE COURT: There is no recommendation from the State, I assume?
>
> MR. MOYER: That's correct, Your Honor.
>
> THE COURT: Is there anybody [who has] promised you anything to entice you to plead guilty today by holding out any hope of reward or promised you anything whatsoever to entice you to plead guilty today?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anybody coerced you or threatened you in any way to get you to plead guilty?
>
> THE DEFENDANT: No, sir.

(R. at 14.) Petitioner acknowledged that he could be sentenced to up to five years in jail for the conspiracy charge as well as for the possession of a weapon charge, up to ten years on the ABHAN charge, up to twenty years on the ABIK charge, and up to thirty years each on the kidnapping charges. (R. at 14-15.) He stated that he understood those possible sentences and still wished to plead guilty. (R. at 15.)[2]

---

[2] The undersigned further notes that Judge Welmaker went over with Petitioner the rights Petitioner was giving up by pleading guilty. (See R. at 12-13.) Petitioner stated that he understood those rights and that he wished to give up those rights and plead guilty. (See R. at 12-13.)

Petitioner has not shown that the state court's rejection of his claim of ineffective assistance of counsel, and involuntary guilty plea, was contrary to, or an unreasonable application of clearly established federal law, nor has he established the state court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts. The state court found that counsel was credible, and that Petitioner was not credible. Such factual findings on credibility are "presumed to be correct"; Petitioner has the "burden of rebutting the presumption . . . by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). He has not done so, and Petitioner is therefore not entitled to federal habeas relief. See Wilson, 352 F.3d at 860 ("These facts do not compel the credibility determination reached by the state court, but they certainly provide sufficient basis, for purposes of section 2254(d)(2), to support such a determination."); see also Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000) ("Fisher has not shown that the state court findings are unreasonable, unsupported, or otherwise erroneous. Indeed, they are supported by competent evidence."). Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 16) should be granted.

## **CONCLUSION**

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 16) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[3]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 6, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).